**Juanita Trammell, Plaintiff-Appellant, v. Roosevelt Trammell, Defendant-Appellee.**

**Gen. No. 52,920.**

First District, Fourth Division.

December 11, 1968.

Jean F. Williams, of Chicago, for appellant.

No brief filed for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff appeals from a decree in favor of defendant in a divorce action. The complaint alleged acts of extreme and repeated cruelty which were denied in defendant's answer.

At the trial, plaintiff was the first witness. She testified that on February 18, 1967, defendant struck and choked her, leaving bruises, and on April 5, 1967, defendant, without cause, beat her and knocked her into the bedroom and choked her, causing pain and suffering. There was no cross-examination by defendant's counsel. The trial judge, however, questioned plaintiff regarding physical abuse by defendant prior to the date of their marriage in 1966. The plaintiff, in answer to the judge's examination, testified that defendant first physically mistreated her in 1958, six months after the birth of a child to plaintiff and defendant; and that defendant had also beaten her in 1964 and 1965. The record then shows the following:

> THE COURT: "Yet, in 1966, after all of these beatings you still married him?"
> THE WITNESS: "Yes, I did."
> THE COURT: "Now, you have complained that he beat you on February 18th and April 5th?"
> THE WITNESS: "Yes."
> THE COURT: "In 1967?"
> THE WITNESS: "Yes."
> THE COURT: "Finding for the defendant."
> MISS WILLIAMS (Attorney for plaintiff): "May it please the Court, may I say this before you make

231

a finding? Give me a basis for this finding, because—"

THE COURT: "I don't need a basis."

MISS WILLIAMS: "May I say this?"

THE COURT: "This woman comes in Court and asks for a divorce. If you are afraid of him, then, why did you marry him?"

MISS WILLIAMS: "May we proceed on the grounds of—we have another ground of adultery."

THE COURT: "Counsel, you rested. You proceeded on physical cruelty. This woman is not entitled to relief from this Court. I will stand on that record."

MISS WILLIAMS: "I have a letter from her psychiatrist saying that this woman is in need of medical attention because of the abuses she received in the house. May we have leave to amend?"

THE COURT: "No leave to amend or nothing. This woman will not get relief in this Court. Go and appoint a guardian for her."

■■ A few days later, at a hearing on plaintiff's motion to vacate, this colloquy took place:

THE COURT: "All the relief you are seeking, you can get by methods available to you. If he is going to molest anybody, he can be arrested and be put in jail. . . . She wants this Court to be a Police Court. If he isn't supporting the child, you should go and file a complaint, and there is a procedure, whereby she is entitled to it in the regular Court."

MISS WILLIAMS: "I am aware of that. May I answer this? When Your Honor says she wants this Court to act as a Police Court, it is not so. She wanted a divorce; she did not want her husband to be given a license to beat her."

THE COURT: "She didn't have the grounds for a divorce. Nobody has license to beat anybody."

232

MISS WILLIAMS: "He has."

THE COURT: "I would have him arrested every time he raised a finger at me."

MISS WILLIAMS: "What I am trying to do is prevent a murder out there, that is what will happen."

THE COURT: "All she has to do is have him arrested and go to Court and testify. They will put him in jail. It happens everyday."

There were other plaintiff's witnesses ready to testify to the alleged acts of cruelty, and it should go without saying that acts of cruelty prior to the marriage could not estop plaintiff from seeking a divorce for acts of cruelty occurring after the marriage. Nor is the court's suggestion of police court proceedings a reasonable alternative for divorce, if at trial it develops that grounds for divorce exist and that is the relief requested.

In this court no brief was filed by defendant, and his counsel has been allowed to withdraw. In consenting thereto, defendant advised us "that the Appellate Court can take its natural course."

█ We need not elaborate on the clearly erroneous character of the peremptory action taken by the trial judge. See this court's opinion in Jamal v. Jamal, 98 Ill App2d 180, 182–185, 240 NE2d 246, in which we held that this sort of a "hearing" was so unconscionable as to be violative of due process.

The decree is reversed and the cause is remanded for a trial of the issues presented by the complaint and answer.

Reversed and remanded.

McCORMICK, P. J. and DRUCKER, J., concur.